Good morning, Your Honors. May it please the Court, Clinton Rooney on behalf of Christopher Alarcon. Your Honor, this case really centers on two... and I'll reserve five minutes for rebuttal. This case really settled... Excuse me, Mr. Clark, would you turn down the volume a little, please? I'll speak up, Your Honor. This case centers on two issues. The first regarding standing. I'll address that second because it seems more straightforward. The second regarding res judicata and the different types of res judicata that come into play when there's a judgment in favor of a defendant in state court. In this case, we have an arbitration clause from 2006 for a loan. The appellant here had a single duty, which is to pay the debt. After that, he breached that duty. The creditor accelerated the loan and then filed suit. They placed all of their claims at issue in the state court. They lost. As with every judgment, res judicata comes into play and the claim is extinguished. Now, there's a question whether we use the name merger as the type of res judicata or whether we go with restatement and call it merger and bar. But here, the outcome is the same because the claim is extinguished under either one. Most California state court law deals with the issue of merger and all the published cases in California deal with that as merger. However, all the published cases are also regarding plaintiff or plaintiffs are the prevailing party. There is no published California case law that I was able to find in which a defendant is the prevailing party that's published. The district court dealt with two cases, one from Illinois, which deals with Illinois' merger standard, which is a different merger standard. In that case, the appellate court stated that under only the claims that were actually filed are barred. And so on that basis, they found that the merger didn't apply because the claim hadn't been raised in the earlier underlying action. Here in California, merger applies to all claims that were brought or could have been brought, including the remedies. And for that, we look at the Diamond Heights case, for example, lays that out fairly succinctly. The other case the court based its ruling on was Eblen. Eblen is a unpublished case in which the court first dealt with the issue of total breach. And total breach is a California doctrine that says, in order for merger to apply, you have to have all of your claims at issue. The court then stopped talking about total breach, but noted that in the arbitration award that was the subject of that case, the court had stated or implied in the arbitration award that the contract continued to be enforceable. In other words, you didn't have total breach. Not all of the contractual duties were at issue. And then there was some language the court had several other things it mentioned. It's not clear which of them was the basis for its finding. One of them was it didn't specifically state breach of contract. Another was that the defendant won. And the third was what you just mentioned, the fact that the arbitration award mentioned an enforceable contract. Why isn't Galaxy's assertion that it owns the loan here, which is subject to the arbitration writer, enough to show it has a right to arbitrate this dispute? What's your best authority in support of your position? We have two authorities, Your Honor. One is the Ninth Circuit. In Newton v. Sirius FM radio or XM radio, the party asserting the right, they have to prove that the contract is valid to establish their contractual rights. It's not enough to say I have these contractual rights. You actually have to establish them. In this case, we have what appears to be a multi-step assignment. And so we have someone, they have to say why. And if we look at Rowena Cockrell case, the second case we cited, it says that the party who's asserting a right has to establish they were assigned those rights. And they also have to establish that the party selling or signing intended to do so. Here, we don't even know who assigned the contract. That's not presented. And there's a reason for that. We believe it's a multi-step assignment. We're not giving a date. We're not told. We're giving a date range and something happened. But all we really have is someone saying, I work for Galaxy. They have records. I'm familiar with them. Those records establish we have standing. Other than saying their records exist, there's nothing actually stated. If you want to rely on business records, you have to show them. Provide a foundation, a tax and tariff declaration. We don't have that. Or if we have a percipient witness, say what happened. Who sold it? When did they sell it? How did they sell it? We know none of this. And so you simply can't establish standing just by saying I have it. There's some we have it. That's really a legal conclusion. That's not a fact. That doesn't even really rise to a factual assertion of assignment because we don't know who assigned it or when. Does Galaxy need to establish a direct chain of title to the right to arbitrate from beneficial to itself in order to compel arbitration? And what case would support your position? The answer is yes. And again, back to Rowena F. Cockrell, which says the party who wishes to assert rights under a contract has to establish they've been assigned those rights. Again, what is Galaxy doing? They're asserting a right under a contract. That contract is the arbitration clause in the loan agreement. They're asserting a right. California state law says if you want to do that, you have to assert or establish that you actually obtained those rights. It's not to say you did. You have to show you did. Thank you, Your Honor. Just turning back very briefly to the issue of merger and bar. California state law holds that if we call it merger, all the remedies that could have been asserted and all the remedies, which include arbitration, are barred. But we have to look at the restatement. Well, then let's look at the restatement. Under the restatement, the outcome is the same. Section 17 says that when a defendant is a prevailing party, that the claim is extinguished. The question is, what is the claim? How wide is the claim? And for that, we can look at 3dfx Interactive v. NVIDIA, which states, and I have the exact language here, Your Honor, it states, the rules of merger and bar are reinforced by the general rule concerning splitting. The extinguished claim extends to all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction out of which the claim arose, and references the restatement section 24. Here we have a claim. What does that extend to? The rights of the plaintiff, which would be beneficial or the ones Galaxy claims now hold, to remedies. What do remedies include? Arbitration against the defendant, my client, with respect to any or all or any part of the transaction out of which the claim arose. What is that? It's the loan agreement. It's fairly straightforward. And with that, unless Your Honor has any questions for me, I'll reserve the remainder of my time. Thank you, Your Honor. Good morning. May it please this Honorable Court, Damian Richard on behalf of the Appellee's Vital Recovery Services, Inc., and Galaxy Asset Purchasing LLC. To begin with the last point made by Appellant, the restatement does not use the word extinguish, and it does for a particular reason, because nothing is extinguished. The only doctrine that is a doctrine of bar. The doctrine of merger has no application because the judgment in the Superior Court was won in favor of the defendant. Only one doctrine applies, it's bar, and the doctrine of bar states that that plaintiff may not thereafter maintain an action. And that's what happened here. You don't see Galaxy or Vital suing anyone. They're barred from suing the plaintiff in this case, the defendant in the underlying case, from ever again. What does the record show about what the judgment of the Superior Court was? It was a California Superior Court form judgment where the box was checked for a defendant. It doesn't state the grounds for the judgment. It doesn't state any sort of reason. There was no statement of decision. It was not a reasoned judgment. So a myriad of things could have happened in that Superior Court collections case, which was a affirmative defense trial. That could have resulted in the judgment for Alarcon. But we don't know what was presented. And there could have been affirmative defense, there could have simply been a failure to prove elements of the particular cause of action. But when you have a judgment for the defendant, like we have here, it is... There is not a lot of case law on this, because it rarely happens this way. Usually you see a judgment for the plaintiff in the application of merger, but when you have a judgment for the defendant, you apply the separate and distinct doctrine of bar, and that plaintiff, in the underlying case, my clients in the appeal, are not allowed to sue. But they didn't sue here. They can still enforce the contract in the form of a letter or perhaps a phone call, they just can't sue on it. It's perhaps uncollectible. But the contract, nonetheless, is viable and it has provisions. It even has a savings clause. Savings clause that's very important to us. They left it out of their opening brief, but that savings clause is in the last paragraph of the arbitration writer. It says, no matter what is determined based on the enforceability of this contract, this arbitration writer is gonna survive. So they cannot maintain an action, yes, but the actual debt, the loan is not extinguished. And you can read the restatement, that word extinguished is not used. Simply, they're barred from filing an action. The appropriate standard of review here is clear error, because you have the district judge finding in favor on that evidentiary ruling that the declaration was sufficient. Now, if there's anything I learned from this morning so far is that brevity has value, and brevity is important. A summary declaration, perhaps, summary in nature, but it had everything it needed to have. The declarant had personal knowledge. She was competent to testify. And her conclusion was based on the review of those business records, that there was indeed an assignment to Galaxy. This was sufficient factual information to establish the assignment. Again, it was based on her personal knowledge. And you don't need to attach records. The declaration itself, the testimony of the declarant herself, can satisfy the personal knowledge. Well, the declaration, I must say, is rather odd, but it says that, I am able to review the files and records maintained by Galaxy. The first paragraph says the facts are true. The second paragraph says I'm able to review the files and records maintained by Galaxy in the ordinary course of business. I have access to the original loan agreement. Entries are made into these records. The files and records are prepared in the ordinary course of business. Now, in the first place, she doesn't even say, I did review it. She says, I'm able to review it. And then she says, in November, Galaxy became the answer to me. Well, that's a legal conclusion. What does this declaration prove? Well, it's self-evident. Would have reviewed the record, but we don't know that she ever did. But she did, and you can... What does it say she did? You can glean that from it, and you're... No, I could glean anything from something, but she never says she reviewed the record. She doesn't have to say it, Your Honor. We would submit she doesn't have to say it, that based on the context of the declaration and her position and access to those records and ability to review them, we can glean from the declaration that she did. And that's what the district... You can't glean it if she didn't say it. And that's what the district judge found. Well, a district judge may have been wrong. That's why we have a court of appeals. Yes, Your Honor. We urge you to affirm his decision. Personal knowledge can be gleaned from the review of business records, and that's what we have here with this declaration. Well, it could be gleaned, but... And that's not the only weakness in it, that she doesn't even say she did it. A conclusion of, I've reviewed the records, and I think it's a valid contract. Now, how much credit would you give to that? I guess that's the point, Your Honor. It goes down to... Comes down to weight and not admissibility. The declaration comes in, it's sufficient to come in... I've reviewed it, and I wanna give you my legal conclusion. I'm a secretary. I reviewed the records, and I think it's a valid contract. Well, nothing was presented to contradict it. There was nothing presented by Alarcon, the appellant, to the contrary. No evidence was presented. And as we discussed earlier, at this stage on a motion... The only thing we know about her is that she's over the age of 18. She's a competent witness to testify. What makes her? Because she's able to review the records? Correct. That makes her competent to testify as to a legal conclusion? We don't even know... Or she may just be a secretary. I have no idea who she is. Well, Your Honor, we would submit it was not a legal conclusion, it's a factual conclusion. It's not a factual conclusion that Galaxy became the S&E. What made her conclude that? Based on her review of the business records. She reviewed the records, and she decides that they became an S&E. She has... That's not a legal conclusion? In this situation, it's a factual conclusion that has perhaps legal consequences. Well, I can tell you, you'd better find another judge like that district judge. Hopefully, I have three here, Your Honor. But good luck. Counsel, let me ask also on... We're speaking about inferences or... In Three Valleys Municipal Water District, we recognize that when a district court considers a motion to compel arbitration that is opposed on the grounds that no agreement to arbitration exists, the district court should give to the opposing party the benefit of all reasonable doubts and inferences that may arise. Where did the district court do that in this case? Well, there was no reasonable doubt or contrary inference. There was no foundation for this admission of this assignment or admission of her testimony that there was an assignment to Galaxy. So what you had was simply unfounded speculation as to the Clarence alleged lack of personal knowledge. And when you have simply that sort of speculation that she lacks personal knowledge of the events, that does not render it inadmissible. It's still admissible. And it's a preponderance of the evidence standard when you're on this motion to compel arbitration. And you have admissible declaration, perhaps not heavy in weight, but it's there. And the testimony based on personal knowledge is that there was an assignment to Galaxy, Galaxy purchased it, and you have nothing refuting that, you have nothing produced or submitted that's to the contrary, then that wins the day based on the preponderance of the evidence. Thank you, Your Honor. At that stage in the proceeding, it's a very first motion in the case. The focus is not the admissibility of the evidence form, but on the admissibility of its contents. I think that's what the district judge was applying. And you have the second issue of arbitrability. The actual issue of whether or not Galaxy is the assignee is something for the arbitrator. The arbitrator should be making that determination. Lastly, I'd like to conclude with alternative grounds for affirming the district judge's decision. You had the appellant himself submit two key evidentiary positions. One is his own declaration. He attaches the contract, the loan contract, with the arbitration rider. So that is another mechanism by which the rider comes into evidence, and the judge is allowed to review that. Then you also have the request for judicial notice that, again, the appellant submitted at the district court level, asking the district judge to take judicial notice of the contract, which included the arbitration rider. The arbitration rider itself is undeniably broad. Whether Galaxy can enforce it, this whole standing issue, whether Galaxy can enforce the agreement that is for the arbitrator to decide. In conclusion, Galaxy proved sufficiently that it is the assignee. Alarcon presented no evidence to contradict that showing. The court was permitted to accept the declaration, which summarized the business records, doesn't need to attach them. Evidence to prove personal knowledge may consist of the declarant's own testimony, and that's Federal Rule of Evidence 602. And the court used the term gleaned in the context of the review of the business records. And to close out on the issue of merger versus bar, there's only one doctrine. That's at play here, and that's the doctrine of bar. And tell me again, what is it we know about the bar? What can we tell from the record about what the judgment was about? Well, I'll first submit, Your Honor, we can't tell anything from the record about what the judgment was about. The only thing we can tell... How do we know it's the bar? Because of the conclusion, or because... What conclusion? That the judgment was for the defendant. A judgment on what? Exactly. The only thing we have is the result. When the judgment is for the plaintiff... But we know that they sued your client, and they lost, right? Yeah, it's the other way around, Your Honor. So we're talking about the Superior Court case back in... And your client sued them? A... Whoever sued... Somebody sued somebody, but we don't know about... My client's predecessor. My client's an S&E, but my client's predecessor sued the consumer. What? For breach of loan contract. And... Do we know that it was a breach, or a partial breach, or what? The only result we know is that the court issued the California form judgment in favor of the defendant. But we don't know what he sued them for? We know it was for breach of contract. We don't... It was the same contract? Well, we don't... We don't actually know that, but we know that there was... It's in the excerpt, Volume 1. I believe it's Volume 2. It's the California Superior Court form judgment, and the box is checked for the defendant, Mr. Alarcon. And when you have a judgment for the defendant, the doctrine of merger does not come into play at all. Merger's when the plaintiff... No, no, no, no, but a bar. About a bar. Whether that judgment barred something. That judgment would then bar the plaintiff, the lender in the action, from ever suing on that particular loan again. But it doesn't extinguish the debt. And there's case law in our... In our appellee's brief that goes through... That's well settled, that the debt itself is not extinguished when you have the doctrine of bar. It only prevents that lender from bringing suit and bringing action. And that's straight from the restatement as well. Thank you. Thank you. Just briefly, Your Honor, I'd like to address three issues. The first is what the restatement actually says. As we just heard, the claim by Galaxy is that the restatement, Section 17, only bars subsequent judgments. That's actually not true. I'm going to read from Section 17, Part 2. If the judgment is in favor of the defendant, the claim is extinguished. And the judgment bars a subsequent action on that claim. It's conjunctive, not disjunctive. It's both. The first thing it says is the claim is extinguished. What is the claim? Well, we just went through that a bit ago with the three FDX interactive invidia case. It covers everything that could have been brought up at the first trial. Including remedies such as arbitration. Secondly, there's an issue as to, well, how do we know that this contract is the same one that went to judgment? We actually do know that they're the same. And here's how. On April 20, 2010, in the state court action, Beneficial filed a declaration. That declaration is found at the excerpt of records, pages 57 to 60. What did they say? They said they accelerated the account balance. What happens when you accelerate? You place the entire balance at issue. All of their claims are at the table. We don't have a judgment on part of a contract. We have a judgment on all of the contracts. This is a loan agreement. There's only one thing, the only one duty that Mr. Alarcon had was to pay it back. There aren't any other duties floating around. And then, in the same declaration, they also submitted a copy of that loan agreement. This is at excerpt of records, page 58, lines 13 to 17, where she makes a declaration regarding that. And the actual loan agreement is found at excerpt of records, pages 61 to 63. The third issue is I'd like to address just briefly this notion that you can contract your way around res judicata. There is a section in the loan agreement where they say that the arbitration clause will survive the quote unquote termination of the agreement. Now, it's our belief that what the parties meant was when you're done paying, the agreement ends, the arbitration clause stands. Whether that's what it meant or not, though, is really a moot point. And here's why. This is a contract between two individual parties. They can agree to bind each other. They can't bind the court. Res judicata is not something optional you can just waive by contract. And both merger and bar are subsets of the generalized doctrine of res judicata. And, in fact, there's a case law to that effect in our brief tying them. This is really a type of res judicata. Why is res judicata there? Is it for the convenience of the parties? No. It's to promote the public policy of finality of judgments. And so we don't have people suing over and over again on the same things and relitigating the same things and getting conflicting outcomes. Res judicata is there to protect the public and the court system. It's not there just to protect those two parties. So if I and another party have a contract, we can't contract our way around res judicata by simply saying, well, even if there's a judgment, I get to keep going. You can't do it. And that's essentially, if it's right in the way Galaxy would have us read that term, that is what it would do. I don't know exactly what the intent of the parties was at the time they signed it regarding that language. But even if they intended to somehow waive their rights, waive res judicata, you can't do it because it's imposed by the court, not by the parties. Private parties cannot simply skip res judicata. And with that, I'll rest. Thank you, Your Honor. The case disargued will be submitted. The court will stand in recess for the day. All rise. Court for this session stands adjourned.
judges: D.W. Nelson, Reinhardt, Steeh